This time we'll hear Piedmont Gardens v. LeBlanc. Good morning, Your Honors. James Studronsky for the plaintiffs in this case. What we are asking this court is we're asking this court to overturn the ruling by the district court that it has no jurisdiction under the Tax Injunction Act. And that we're also asking this court to refer the matter as to the, to please reconsider and to certify to our state Supreme Court the issue as to whether the fees, the marshal fees that are at issue in this case, whether they were earned or whether . . . Well, if we don't have jurisdiction to decide the question, I don't know why we would ask somebody else what the answer to it is. Well, there's a diversity of state opinion on that, Judge. And right now that very issue is pending in the appellate court. We've got the appellate courts to hearing on it. I'm expecting that we're going to be able to have that very issue taken up to the Supreme Court. And I think it would make . . . I would hope that this court on that issue of state law, where there's a diversity of opinion on state law, that this court would consider what the Supreme . . . the appellate or Supreme Court of Connecticut would do. With respect to the Tax Injunction Act . . . You want to involve the . . . Yes, Judge. State Supreme Court in a referral or a certification. Doesn't that argue against your case in the sense that this really ought to be a state . . . it's a state law question. It ought to be settled and decided in state court all the way? Well, we can look at that in two factors. We can look at it . . . is it an issue that's precluded by the Tax Injunction Act or is it precluded by a matter of comedy? Right. Okay, and . . . Let's focus on the latter one because it's broader. Okay. With my . . . Not just . . . because then you get into the debate about whether this is a particular restraint of a collection of a tax, an assessment levy or a collection of a tax. But . . . which is a little more complicated. But why wouldn't comedy kick in because there's an adequate remedy under state law and it's a state tax matter. Well, with respect to comedy, as articulated by Judge Aronson, questions of injunction on these matters come under the Tax Injunction Act. Questions of damages come under the Comedy Act. So, my answer is what I asked this court to look at is twofold. First of all, this is a 1983 action in which we're asking an injunction. We're asking the town to stop this practice in which we think they're taking unearned sheriff's fees or marshal's fees from taxpayers and giving them to the marshals. So, there's the injunction aspect. With respect to the Damages Act, our Supreme Court under the Jade case, we'd ask this court to look at that Jade case and we think the state court is very, very clear that they will not consider a 1983 action. And if any of these matters, respecting the constitutionality of the taking and respect to the injunction, will not be heard by a state court. And therefore, I don't think that comedy stops it from being heard by a federal court. You have mentioned and you certainly argue in your papers that the fees are unearned. That's correct. But doesn't the statute read that once the warrant has been served, there has been a fee earned effectively and that the word then tax is defined to include fees. So, when you put it together, it seems as if the service of the warrant entitles fees which then becomes incorporated within the bucket of taxes. Let's address each one of those. Let's first of all address the warrant that we're talking about and then let's talk about whether those fees become taxes under federal law. With respect to the warrant, something that's sometimes not clear is the warrant that we're talking about is not issued to the taxpayer. If you look at 12162B, the warrant is issued from the tax collector to the marshal. It is a warrant to the marshal authorizing the marshal to go and execute. And it gives the marshal under 12164B, it gives the marshal four different ways that the marshal can execute. Actually, I'm thinking then of service of the warrant. Maybe I misspoke and talked about issuance of the warrant. What I mean is, isn't the service of the warrant the moment at which it becomes, the expense becomes incurred? It depends which warrant that we're talking about. The tax warrant that is issued to the marshal is issued only to the marshal. It authorizes the marshal to take some other warrant and execute upon the property of the taxpayer. And that's what wasn't done here. They never executed upon it. They just sent out the letter and even on the letter, it clearly says in the warrant that we're talking about, is go forward and there's four different ways that you can execute. You can take their personal property. You can take their bank account. You can levy upon their real estate. And the fourth one is you can garnish their wages. And they didn't do any of that. In our argument — Can any of those things be done without a warrant? Pardon? Can any of those things be done without a warrant? Just go in and take somebody's property? No, they cannot. No, there has to be a warrant. Absolutely. And that is the warrant. But I'm saying that — There is a warrant. That's right. The warrant went to the marshal. The marshal never exercised his authority under that warrant and took the property of the taxpayer. That's what we want to be heard by the Supreme Court. That is the main issue. Which way it turns, this whole case falls upon that. I agree, Your Honor. The whole case falls upon that. If the Supreme Court or the appellate of the Supreme Court of Connecticut says, Wait a minute. All he's got to do is he doesn't have to execute upon the warrant. All he's got to do is send out a letter and say, Listen, I'm authorized to take your property. And if you don't pay me, I'm going to come and take your property. Don't you think that that's a rather persuasive letter? It's not just a missive. It's not a Christmas card. It says, I'm authorized to seize your property. I can go onto your premises. I can go to your cash register. I can take your car. Don't you think that's a pretty effective — Well, as a matter of fact, it was so effective. You're right. It was so effective that in each instance our — if you take a look at the letter, one of the letters says, And if you don't pay by such and such a date, we're going to levy on your property. That letter was so effective, they went to the tax collector and said, We're going to pay. We don't want to be executed upon. He did not have to send out that letter. And he could have gone in and immediately the next day taken the property or taken his authority under the warrant. Why is that better? Why is the seizure of people's property superior to having people come in and paying their taxes? I'm not saying that one way is superior to the other, Judge Jacobs. What I'm saying is that it's very clear under our statute that the Assembly, the legislature of Connecticut, said that the only way there's a 15 percent penalty imposed is that's not imposed simply by sending a letter out. You get 15 percent of the amount of money that is due if you go and you go and collect the money at the bank, if you levy upon the real estate, if you garnish the wages or you seize the personal property. You can't just say, Hey, wait a minute. I've got authority to take your money. And then you sit back and let the tax collector collect the money. By the way, that's why this is not a tax, because none of this money ever goes to the town. Even if we take a look at, I would invite the court's attention to page 6, where 12-162 is out, or 12-166, and it says that a tax includes any money that is due to a municipality. This money doesn't have anything to do with the municipality. It never goes in the general funds. The tax collector never put it in the general funds. The tax collector just took out 15 percent of the payment and gave it to the marshal. Another way they could have done it, right? They could have just had the tax include the 15 percent, and then the municipality would have had to pay the marshals. In Connecticut law, municipalities can only tax when they are giving specific authority to tax by the legislature. And the legislature did not allow them to simply willy-nilly oppose a 15 percent tax when a tax payment is one day late. What the legislature says is if you're one day late on the 30 days, you will be charged, the town can charge you one and a half percent a month. The town can't go out and say, okay, let's get it to the marshal, 15 percent. The marshal just sends out a letter and says, I have authority to take your money, and now he's suddenly earned 15 percent of the tax pay. We're talking about millions and millions of dollars. I'm confused. You're confusing me, I think. You're saying that the marshal takes 15 percent of the payment. That's correct. So in other words, are you saying that if there's a $100 tax bill, what is the payment required from the tax bill? I'd have to look at that. $100 or $150. Maybe a minimum. I can't remember if there's a $20. No, no, no. Let's do a 15 percent, 15 percent. No. I know it's 15 percent. Let's say it's $100. Just forget the minimum. Yeah. What does the taxpayer have to pay, $115 or $100 from which $15 goes? $115, Your Honor. Isn't that partly because the definition of tax includes the expenses, and the moment that the warrant issues, the expenses are incurred? There are different types of expenses. Some expenses are incurred by the town. For instance, the town doesn't have to use a marshal at all. The town can use a collection agency, and then the town is obligated to the collection agency. In this instance, the town isn't obligated a dime to the marshal. The marshal is supposed to collect the money and take their own fee. That's the way the statute's set up. You've reserved three minutes for rebuttal. I did. Thank you. Good morning, Your Honors. Good morning. May it please the Court, Thomas Pariseau representing the City of Waterbury and its public officials, Michael LeBlanc, Karen Mulcahy, and Frank Caruso. Also with me this morning is Attorney Connor McNamara. Those are tax collectors. Mr. LeBlanc is the city's director of finance, Mr. Caruso, the tax collector, and then Mrs. Mulcahy, the deputy delinquent tax collector. So they are all involved in the tax collection process, Your Honor. Just jumping in quickly. We have the alias tax warrant scheme that comes out of Connecticut General Statute 12162. And 12162 subsection C allows a marshal to collect a fee in the same manner that they're allowed to collect when serving an execution. 12166 makes the marshal's fee or the constable's fee part of the tax. And the marshal's fee for execution is governed by 52261 of the general statutes. There was an issue recently before this court in the Corsair case where the court reserved the same questions that exist in this case to the Connecticut Supreme Court to determine whether or not a marshal who serves an execution but doesn't collect any money can still get a 15% fee. And the Connecticut Supreme Court answered those questions for this court. In January of this year, we filed a supplemental letter pointing that case out. And on April 13th, this court decided the Corsair case before it, adopting the principles laid out in the Connecticut Supreme Court opinion on the certified questions. And it was held that yes, a marshal can get a 15% fee even if a marshal doesn't collect the money. And it was pointed out. So that means that with Judge Jacob's example, you've got a $100 tax bill to begin with. If you get to the point where it's delinquent and sufficiently delinquent that there's a warrant, and the marshals then take the warrant or whoever takes the warrant and goes and begins the process, then that becomes $115 because the expense associated with the 15% fee becomes in part definitionally part of the taxes. Exactly. So it's a moving target, effectively. You only have the $100 bill, the $100 tax due bill, so long as you haven't put the town or the city to the trouble of getting as far as a warrant. Exactly. Let me ask you this, though. This case was dismissed under the Tax Injunction Act, correct? Yes, we've grown a field here. What? Yes. So I'm wondering that there are two bases for dismissal based upon the efficacy of state law. One would be the TIA and the other would be comity. Is that right? Correct, Your Honor. Is this case dismissible on the basis of comity? Yes. The district court found that both doctrines applied here. The case brought by the plaintiff clearly implicates the state tax collection scheme, as it's set forth in general statutes and as practiced by the City of Waterbury tax collection personnel. So it would entail an injunction of some sort under the TIA, is that right? Well, the TIA is designed to prevent federal courts from issuing injunctions that interfere with state and local tax collection purposes, preferring instead to have the state courts address whether or not. And here we would treat the 15% as a tax. I mean, that's because under Connecticut law you've stated that, what is it, 12, 166? Yes, Your Honor. Now, the other question I have is the adequacy of the state law remedies. I take it that it's not unlike the federal system. If you pay the tax and then you can go into a tax court or a part of a court dedicated to taxes and try to get the issue resolved. Yes, Your Honor. Connecticut General Statutes 12-129 has a procedure where you can pay the tax, file a protest, and go through the procedures to adjudicate whether or not the tax was lawful or not. I'll be informed by your adversary if this is the case, but do you see any limitation on the ability of the taxpayer to recover under state law that's different from, or is the state tax as effective as the federal, as bringing a suit under the federal courts, in the federal court as this case has been brought? No, Your Honor. The same remedies achievable through the federal system are available in the state system here, probably with the exception of attorney's fees, but we know that there are cases out there that say the availability of attorney's fees under federal fee-shifting provisions aren't enough to make the state remedies inadequate. Could the plaintiff here have standing in state courts without seeking injunction, without alleging that they intend to submit their taxes late, regularly, and in the future? Well, Your Honor, I'd like to point out in the appellant's motion for adjournment that was recently filed to allow for the state court to decide the issues the appellant has raised in the O'Brien v. Kelly litigation. When you look at the issues that the appellant is seeking to get to the Connecticut Supreme Court in that case, they're the same underlying issues that we have here. It's an attack or a challenge on the alias tax warrant system. So that, in and of itself, tells me that the appellant thinks there's an adequate remedy in the state court system and they want to pursue it in that O'Brien v. Kelly case. Thank you. I don't have anything further unless there are any other questions. Thank you. Thank you, Your Honor. First, I'd like to make the distinction on the Corsair case, okay? And I would absolutely agree with the holding in the Corsair case. What Corsair case said is if the marshal goes and executes upon a third party, it executes upon a bank, it acts upon a creditor of the taxpayer, okay? At that point, the marshal has earned his 15%. I've got no problem. That's, I think, a fair reading of the law. I have no problem on that. It's not what we're talking about here. There wasn't any execution. And what happened, and there are several cases along that line in which the marshal executed upon a third party and then the taxpayer's attorney attempted to circumvent that and pay directly, and they said, no, the marshal has earned his fee. That's not the case here. Why should we hear this case? Why should we do this? I mean, this is all a matter of state law. We should be searching for every possible way to get it back into state court, shouldn't we? Because if there is a deprivation of my client's property under the U.S. Constitution, he has a right to come under a 1983 action and enforce that, and the state court will not recognize that. But that's what doctrines of comedy are for and doctrines of the Tax Injunction Act is for. You know, he gets his remedy there. You're saying you can invoke the federal Constitution here, but as I heard, the federal Constitution applies everywhere. Yes, but my understanding is, and please read the Jade case to see, but my reading of the Jade case is the state of Connecticut will not hear a 1983 action. That's what we're bringing. We're bringing a 1983 action. They have to apply the United States Constitution, don't they? Pardon? They have to apply the United States Constitution, don't they, to their rulings? I mean, if they have a statute that they believe violates the Constitution, don't they have to take that into account? I mean, this is a state court. And I'm surprised that that's a holding in the state courts, that they won't hear a 1983 action. Supreme law of the land. No question about it. I'd like to make one other distinction on the rebuttal here, okay? And that's a question of whether something is a tax. First of all, is it a tax at a federal level and is it a tax at a state level? For it to be a tax at the federal level, it has to involve revenue that goes to the municipality. Okay? What about Section 12-166? Marshall's fee is a tax. 12-166. Under 12-166, it says each installment thereof due to the municipality. And then it includes this. None of these go to the municipality. They take the money and they give it immediately to the marshal. It doesn't go into the general fund of the municipality. It doesn't go into public funds. It's not like if they suddenly had it that they'd use a collection agency. Your argument is that due to the municipality means that it has to actually be received by the municipality. If the municipality decides that it can go to the marshal before they get the money, that that somehow doesn't count. Judge, I would hope that this court would consider due to the municipality mean exactly what it says. It belongs to the municipality. Because it does conform with federal law that says that in order for it to be a tax, it has to go into the general funds. Another state law question to be decided. But under the tax, I believe under, and I request this court that under the Tax Injunction Act, it determines whether the Tax Injunction Act considers that a tax. And in order for it to go into a tax, it has to be going into the general or public funds. Thank you. Thank you very much for your consideration. We will reserve decision. The case of Singh versus Sessions is taken on submission. That's the last case on calendar. Please adjourn court.